FILED

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

AUG 1 8 2020

U.S. DISTRICT COURT
ELKINS WV 26241

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 5:20cr22 |
| FELIX BRIZUELA, | Violations: 18 U.S.C. § 2 |
| Defendant. | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(E)(i) |
| | 21 U.S.C. § 841(b)(1)(E)(iii) |
| | 21 U.S.C. § 846 |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

(Conspiracy to Distribute Controlled Substances Outside the Bounds of Professional Medical Practice)

**Objects of the Conspiracy**

Between in or about 2009, through on or about September 13, 2016, in Hancock County, within the Northern District of West Virginia, the defendant **FELIX BRIZUELA**, along with George P. Naum, III, Eric Drake and Owner Number 2, who are co-conspirators not charged herein, did unlawfully, willfully, intentionally, and knowingly combine, conspire, confederate and agree and have a tacit understanding with each other and with others to commit certain offenses against the United States, to wit as follows:

1. To engage in the business of unlawfuly, knowingly, and intentionally distributing and causing to be distributed controlled substances without a legitimate medical purpose and outside the usual course of professional practice in violation of Title 21, United States Code, Section 841(a)(1).

**Background of the Conspiracy**

1

2. The defendant **FELIX BRIZUELA** is a physician who was authorized by the Drug Enforcement Administration (DEA) to prescribe Schedule II, III and IV controlled substances and was authorized by the Substance Abuse and Mental Health Services Administration (SAMHSA) to prescribe suboxone, subutex and buprenorphine, Schedule III controlled substances, for the purpose of treating patients for opioid addiction. The defendant **FELIX BRIZUELA** was assigned certain DEA registration numbers for those purposes.

3. George P. Naum, III is a physician who was authorized by the DEA to prescribe Schedule II, III and IV controlled substances and was authorized by SAMHSA to prescribe suboxone, subutex and buprenorphine, Schedule III controlled substances, for the purpose of treating patients for opioid addiction. George P. Naum, III was assigned certain DEA registration numbers for those purposes.

4. Owner Number 2 and Eric Drake, non-physicians without prescriptive authority, operated the entity known as Advance Healthcare, Inc. from approximately 2007 until September 13, 2016.

5. Sometime in or prior to 2006, Eric Drake asked Owner Number 2 to join a business venture with him wherein Eric Drake and Owner Number 2 would operate a drug treatment addiction center.

6. Eric Drake and Owner Number 2 did thereafter agree to operate a drug treatment addiction center.

7. On or about June 2, 2006, an entity known as Advance Medical Health, LLC, which was incorporated by Owner Number 2, purchased the building at 3300 West Street, Weirton, West Virginia.

8. In approximately 2006 or 2007, Owner Number 2 incorporated Advance Healthcare, Inc., and Advance Healthcare, Inc. purchased the building at 3300 West Street, Weirton, West Virginia.

9. In approximately 2006 or 2007, Eric Drake began serving as the secretary of the corporation known as Advance Healthcare, Inc.

## Manner and Means

In order to accomplish the foregoing objects of the conspiracy to engage in the illegal distribution of controlled substances without a legitimate medical purpose and outside the usual course of professional practice, the defendant **FELIX BRIZUELA** and George P. Naum, III, Eric Drake and Owner Number 2 used the following manner and means, among others:

10. In approximately 2007, Eric Drake and Owner Number 2 began operating a drug addiction treatment center and employed various physicians to assist them in operating the drug addiction treatment center which was known as or came to be known as Advance Healthcare, Inc. at 3300 West Street, Weirton, West Virginia. Advance Healthcare, Inc. was a business whereby prescriptions for suboxone, subutex and buprenorphine, Schedule III controlled substances prescribed for the treatment of opioid addiction, were called in to and obtained from local pharmacies in West Virginia, Ohio and Pennsylvania.

11. Patients entering the opioid addiction treatment program at Advance Healthcare, Inc. would telephone the program, undergo a new patient intake interview over the telephone, and would be scheduled for an initial visit. Patients were required to attend weekly appointments for the first six weeks and at each appointment, were given a one-week prescription for suboxone, subutex or buprenorphine. After the first six weeks, patients were generally permitted to come every two weeks, and were given a two-week prescription for suboxone, subutex or buprenorphine at each appointment. Patients were then generally permitted to attend appointments once every three weeks, and were given a three-week prescription for suboxone, subutex or buprenorphine at each appointment. Thereafter, patients at Advance Healthcare, Inc. generally attended appointments once per month and received a monthly prescription for suboxone, subutex or buprenorphine at each appointment.

12. In order to obtain a prescription for suboxone, subutex or buprenorphine, patients were required to pay out-of-pocket for their appointments. Patients were charged $185.00 for an initial visit

and were charged approximately $125.00 per additional visit. Health insurance was not accepted for payment for services at Advance Healthcare, Inc. Consequently, patients were required to pay out-of-pocket even if they had insurance which would cover their treatment.

13. Eric Drake and Owner Number 2 maintained a daily presence and maintained the day-to-day operations at Advance Healthcare, Inc. on the days that the treatment center was open. Eric Drake assisted in the day-to-day operation of the treatment center by, among other things, collecting payments from patients, receiving phone calls from new patients seeking treatment for opioid addiction, conducting new patient intake interviews over the telephone, and scheduling new patients for initial visits. From at least September 2008 to September 2016, Eric Drake received a salary and/or other compensation from bank accounts and funds held by Advance Healthcare, Inc.

14. Owner Number 2 provided the substantial and significant portion of the treatment provided to patients of Advance Healthcare, Inc. by giving medical assessments and issuing presriptions for suboxone, subutex and buprenorphine, schedule III controlled substances, to patients for the purpose of treating opioid addiction utilizing the DEA registration numbers assigned to the physicians employed by Advance Healthcare, Inc. From at least September 2008 to September 2016, Owner Number 2 received a salary and/or other compensation from bank accounts and funds held by Advance Healthcare, Inc.

15. In approximately September 2008, Owner Number 2 began prescribing suboxone, subutex and/or buprenorphine, Schedule III controlled substances, to patients at Advance Healthcare, Inc. using DEA registration numbers assigned to George P. Naum, III. George P. Naum, III was engaged by Advance Healthcare, Inc. beginning at approximately the same time and was generally scheduled to maintain a presence at Advance Healthcare, Inc. on Tuesday afternoons. At approximately the same time, Owner Number 2 and/or Eric Drake also began making payments to George P. Naum, III on a bi-weekly basis from bank accounts held in the name of Advance Healthcare, Inc.

16. In approximately April 2009, Owner Number 2 began prescribing suboxone, subutex and/or buprenorphine, Schedule III controlled substances, to patients at Advance Healthcare, Inc. using the DEA registration number assigned to the defendant **FELIX BRIZUELA** The defendant **FELIX BRIZUELA** was engaged by Advance Healthcare, Inc. beginning at approximately the same time and was generally scheduled to maintain a presence at Advance Healthcare, Inc. on Thursday evenings. At approximately the same time, Owner Number 2 and/or Eric Drake also began making payments to defendant **FELIX BRIZUELA** on a bi-weekly basis from bank accounts held in the name of Advance Healthcare, Inc. From at least April 2009, to September 2016, Owner Number 2 and/or Eric Drake paid the total amount of at least $183,080.00 to the defendant **FELIX BRIZUELA** or to others on his behalf on an approximate bi-weekly basis from bank accounts held by Advance Healthcare, Inc.

17. The defendant **FELIX BRIZUELA** and George P. Naum, III were required, among other things, to provide complete, fully documented physical evaluations to patients prior to admission as a patient at Advance and to administer or dispense opioid addiction treatment medications or supervise the administration or dispensation of opioid addiction treatment medications by others. Nonetheless, from the time that the defendant **FELIX BRIZUELA** and George P. Naum, III were engaged by Advance Healthcare, Inc., they permitted Owner Number 2 to provide cursory physical evaluations to patients and administer or dispense opioid addiction treatment medications to patients without proper supervision.

18. Specifically, Owner Number 2 called both new and returning patients back to the examination room, took patients' vital signs, asked patients how they were doing, and then utilized the DEA registration numbers assigned to the defendant **FELIX BRIZUELA** and George P. Naum, III to prescribe suboxone, subutex or buprenorphine to patients. Owner Number 2 called those prescriptions in to the patients' pharmacy of choice, often while the patients were still in the exam room. Owner Number 2 performed only cursory medical examinations on the patients of Advance Healthcare, Inc.

5

19. Following each appointment, Owner Number 2 made the defendant **FELIX BRIZUELA** and George P. Naum, III aware of the medical treatment she had provided to their patients by placing their respective patients' charts with her notations in file cabinets assigned to the defendant **FELIX BRIZUELA** and George P. Naum, III. At the next occasion that the defendant **FELIX BRIZUELA** and George P. Naum, III were physically present at Advance Healthcare, Inc., they reviewed the charts of their respective patients and/or signed off or initialed each chart.

20. Neither the defendant **FELIX BRIZUELA** nor George P. Naum, III regularly saw patients to whom suboxone, subutex or buprenorphine was being prescribed under their respective DEA registration numbers. Some patients were seen by the defendant **FELIX BRIZUELA** or George P. Naum, III only at their initial appointment or at one appointment early in their treatment at Advance Healthcare, Inc. Some patients received their initial prescriptions for suboxone, subutuex or buprenorphine without seeing either physician at the initial appointment. Patients generally did not see the defendant **FELIX BRIZUELA** or George P. Naum, III or any other physician on follow up. On occasions when patients did see the defendant **FELIX BRIZUELA** or George P. Naum, III, they received only cursory medical examinations which lasted a matter of five minutes or less.

21. The defendant **FELIX BRIZUELA** and George P. Naum, III, Eric Drake and Owner Number 2 shared in the proceeds of the illegal distribution of drugs through the receipt of monies paid by patients for the purported medical treatment and prescriptions.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), 841(b)(1)(E)(iii), and 846.

## COUNTS TWO THROUGH FOUR

(Aiding and Abetting the Distribution of Controlled Substances
Outside the Bounds of Professional Medical Practice)

On or about the dates listed in the chart below, in Hancock County, within the Northern District of West Virginia, defendant **FELIX BRIZUELA**, aided and abetted by Eric Drake and Owner Number 2, did knowingly, intentionally and unlawfully distribute suboxone film, a Schedule III controlled substance, without a legitimate medical purpose and outside the usual course of professional practice, to an individual whose initials are T.D. and whose identity is known to the Grand Jury.

| COUNT | DATE |
|---|---|
| 2 | 09/04/2015 |
| 3 | 03/18/2016 |
| 4 | 09/09/2016 |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i) and 841(b)(1)(E)(iii) and Title 18, United States Code, Section 2.

## COUNTS FIVE THROUGH SEVEN

(Aiding and Abetting the Distribution of Controlled Substances
Outside the Bounds of Professional Medical Practice)

On or about the dates listed in the chart below, in Hancock County, within the Northern District of West Virginia, defendant **FELIX BRIZUELA**, aided and abetted by Eric Drake and Owner Number 2, did knowingly, intentionally and unlawfully distribute suboxone film, a Schedule III controlled substance, without a legitimate medical purpose and outside the usual course of professional practice, to an individual whose initials are B.M. and whose identity is known to the Grand Jury.

| COUNT | DATE |
|-------|------------|
| 5     | 09/18/2015 |
| 6     | 03/22/2016 |
| 7     | 08/23/2016 |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i) and 841(b)(1)(E)(iii) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
Controlled Substance Act

1.   Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Section 846, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offenses, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense, including real property located at 3300 West Street, Weirton, West Virginia, all funds contained in Wesbanco account number XXXX1466, held in the name of Advanced Healthcare, and a money judgment in the amount of $183,080.00 against the defendant **FELIX BRIZUELA**.

2.   Pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Foreperson

/s/_____
WILLIAM J. POWELL
United States Attorney

Sarah E. Wagner
Assistant United States Attorney

Robert H. McWilliams, Jr.
Assistant United States Attorney